IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICO L. BALLARD,

    Plaintiff,

v.                          CIVIL ACTION NO.: CV609-002

DON JERRIEL, Warden; DAN
DASHER, Deputy Warden;
Deputy Warden JOHNSON;
Captain COLEMAN, and
CO II SAM SMILEY,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently confined at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendants Smiley, Jarriel, Dasher, Johnson, and Coleman were deliberately indifferent to his safety because these Defendants allowed another inmate to assault him. "[A] prison official's failure to act in certain circumstances can amount to an infliction of cruel and unusual punishment. An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights." McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). More specifically, '[w]hen officials become aware of a threat to an inmate's health and safety, the Eighth Amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." Stuckey v.

Thompson, 2007 WL 1035134, *5 (S.D. Ga. March 29, 2007) (quoting Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990)). However, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment[ ] Clause." McCoy, 47 F.3d at 408. Furthermore, "to be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Id. In other words, "[m]erely negligent failure to protect an inmate from attack does not justify liability under [42 U.S.C.] § 1983." Stuckey, 2007 WL 1035134 at *5. "Before the tort can be raised to constitutional stature, the official's conduct must manifest conscious or callous indifference to a prisoner's rights." Id. (internal citations omitted). "Prison officials are not . . . [the] guarantors of a prisoner's safety. Rather, a prison official must be faced with a known risk of injury that rises to the level of a strong likelihood rather than a mere possibility before [the] failure to protect an inmate can be said to constitute deliberate indifference. Id. (internal citations omitted). Plaintiff has failed to show that Defendants were aware of any known danger to his safety prior to the alleged assault by his cell mate. Thus, Plaintiff's deliberate indifference claims should be dismissed.

Plaintiff also contends Defendants Jarriel, Dasher, Johnson, and Coleman, all of whom are or were in supervisory positions at Smith State Prison, had a policy in place which permitted inmates to have possession of combination locks while unhandcuffed. Plaintiff asserts this policy led to his assault. Although supervisors may not be held liable solely upon a theory of respondeat superior, supervisory liability is not limited solely to incidents involving personal participation. Fundiller v. City of Cooper City, 777

(Rev. 8/82)

3

F.2d 1436, 1443 (11th Cir. 1985). If a complaint alleges a causal connection between the supervisors' actions and the alleged deprivation, it states a claim against the supervisors. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1986). Plaintiff's assertion that a policy of permitting inmates to have combination locks while unhandcuffed led to his assault is without merit.

Plaintiff seeks to hold Defendant Smiley liable for monetary damages in his official capacity. A lawsuit against a state official in his official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Plaintiff's claims for monetary damages against Defendant Smiley in his official capacity should be dismissed.

Plaintiff's cognizable claim is addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's deliberate indifference claims; Plaintiff's claims against Defendants Jarriel, Dasher, Johnson, and Coleman; and Plaintiff's monetary damages claims against Defendant Smiley in his official capacity be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE