FILED
U.S. DISTRICT COURT
DIV.
2011 MAR 25 AM 11 49
CLERK
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

RICO L. BALLARD,

  Plaintiff,

v.          CIVIL ACTION NO.: CV609-002

CO II SAM SMILEY,

  Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Hayes State Prison in Trion, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendant Sam Smiley violated his constitutional rights while he was incarcerated at Smith State Prison. On February 3, 2011, Defendant Smiley filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendant Smiley filed a Motion for Summary Judgment and that a response must be filed by February 28, 2011. (Doc. No. 29). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff failed to file a Response to Defendant Smiley's Motion for Summary Judgment.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

On February 16, 2007, Plaintiff and his cellmate, Dwayne McGill ("McGill") were assigned to cell number J-2-131 in the Special Management Unit at Smith State Prison. Prior to this date, they had only been cellmates for a couple of days and had no history of problems with each other. On February 16, 2007, Defendant Smiley and Officer Eric Moore were assigned to work in the J-2 building. Among their duties that day, Defendant Smiley and Officer Moore escorted inmates in the J-2 building, including Plaintiff, to yard call—where officers escort inmates from their cells to the segregation yard area.

As was done with the other inmates in SMU, inmate Ballard was handcuffed prior to being let out of his cell for escort to yard call. In order to handcuff him in his cell, inmate Ballard backed up to the closed cell door, put his hands behind his back and then placed them through the tray flap in the door. Once the handcuffs were applied to Plaintiff by the officers from the other side of the door, Plaintiff then stepped forward, pulled his hands out of the tray flap, and the door was opened. Plaintiff's cell door was opened electronically from the dorm's control room after Defendant Smiley or Officer Moore radioed the control room officer to do so. Plaintiff was then escorted to the J-2 yard.

When Plaintiff completed his yard time, Defendant Smiley and Officer Moore escorted him back to his cell. Upon arriving at the cell, Defendant Smiley looked through the window of the cell door to make sure inmate McGill did not appear to be a threat to Plaintiff as he entered the cell in handcuffs. When Defendant Smiley observed him through the cell door window, inmate McGill was sitting calmly on his bunk and

AO 72A
(Rev. 8/82)

2

there was no sign of inmate McGill having a weapon. Pursuant to standard prison escort procedure, Defendant Smiley radioed the control room to open the cell door and Plaintiff was placed back into the cell.

Once Plaintiff was placed back into his cell, Defendant Smiley closed the cell door and waited for Plaintiff to place his hands through the tray flap to be un-handcuffed. Officer Moore moved on to another cell to prepare the next inmate for yard escort. After Plaintiff had placed his hands through the cell door to be un-handcuffed, he quickly snatched them out of the tray flap, pulling them back inside the cell. When Defendant Smiley saw this, he immediately looked through the cell door window and saw inmate McGill hitting Plaintiff with a "lock in a sock" – a combination lock inside of or tied to a tube sock.

Defendant Smiley immediately issued a verbal order to inmate McGill to stop his attack on Plaintiff. Because corrections officers are not supposed to confront an armed and combative inmate without back-up, Defendant Smiley called Officer Moore back to the cell. Within seconds, Office Moore was back at Plaintiff's cell and the control room was radioed to open the cell door. When the cell door was opened, only seconds later, the attack on Plaintiff had stopped because inmate McGill's "lock in a sock" had broken. Plaintiff was hit by inmate McGill approximately 5-6 times during the attack. After the incident, Plaintiff was immediately taken to the medical department to be examined. As a result of inmate McGill's attack, Plaintiff received three lacerations to his scalp that required a total of seven stitches. Inmate McGill was issued a disciplinary report for his actions.

3

Plaintiff seeks to hold Defendant Smiley liable for violating his Eighth Amendment rights, contending he was deliberately indifferent to a substantial risk of serious harm to Plaintiff. (Id. at p. 6). Specifically, Plaintiff alleges Officer Smiley was deliberately indifferent when: (1) he placed Plaintiff, while handcuffed, back into his cell with an un-handcuffed cellmate (Doc. 1, p.5; Doc. 16, p. 1-2) and (2) that once Plaintiff was attacked, Officer Smiley "stood outside the cell door watching and grinning."

Defendant Smiley asserts there is no evidence to support Plaintiff's claim of deliberate indifference, and therefore, no genuine issue of material fact exists in this matter.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish

that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

Pursuant to the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety. Id. at 834. "In the jail setting, a risk of harm to some degree always exists by the nature of its being a jail." Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005) (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Therefore, this Circuit instructs its courts, "[w]hen enforcing the duty to provide reasonable safety to inmates, such a standard requires due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." Gross v. White, 340 Fed. App'x. 527, 532 (11th Cir. 2009) (quoting *Purcell*, 400 F.3d at 1319 n. 15).

AO 72A
(Rev. 8/82)

In order to prevail on an Eighth Amendment claim, an inmate must demonstrate that the prison official's conduct rose to the level of deliberate indifference to his health or safety. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To be deliberately indifferent, a prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the [prison official] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and [he] must also draw the inference." Farmer, 511 U.S. at 837; Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003). Thus, a claim based on deliberate indifference contains three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

In determining subjective knowledge, a court is to inquire whether the defendant was aware of a "particularized threat or fear felt by [the plaintiff]." Carter, 352 F.3d at 1350. A defendant is not liable where: "(1) he was unaware of the underlying facts indicating a substantial risk; (2) he believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent; or (3) he responded reasonably to the risk, even if the harm was ultimately not averted." Staley v. Owens, 367 Fed. Appx. 102, 107 (11th Cir. 2010) (quoting Farmer, 511 U.S. at 844).

In Carter, prior to an attack on an inmate, prison officials knew the inmate's cellmate was a problem inmate and the injured inmate had notified prison officials that his cellmate was acting crazy and roaming his cell like a "caged animal." 352 F.3d at 1349. However, the Eleventh Circuit held that these facts amounted to only a general awareness of risk and "to find Defendants sufficiently culpable would unduly reduce

AO 72A
(Rev. 8/82)

awareness to a more objective standard, rather than the required subjective standard set by the Supreme Court." Id. at 1350.

Similarly, in McBride v. Rivers, the Eleventh Circuit affirmed the grant of summary judgment where the plaintiff had told a corrections officer that "me and that dude had problems. I'm in fear for my life. Don't put me in a cell with him." 170 Fed. App'x. 648, 655 (11th Cir. 2006). The Court reasoned that this statement to a corrections officer was insufficient to put them on notice of a risk of serious harm because Plaintiff "did not identify a specific prior incident, from which the defendant could infer that a substantial risk existed." Id. at 655.

In the instant action, Plaintiff attempts to impute knowledge of substantial risk on Defendant Smiley simply because Ballard and McGill were "at a close security level 5 Special Management Unit cell . . . ." (Doc. No. 16, p. 2). However, this basis of demonstrating subjective knowledge does not rise to even the level of ambiguous threats deemed insufficient in Carter and McBride. See also Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990); Terry v. Bailey, 376 Fed. App'x. 894, 896 (11th Cir. 2010). Moreover, Plaintiff admits that he did not have a problem with inmate McGill prior to the attack on February 16, 2007. (Doc. No. 28-6, pp. 31, 34). Plaintiff never notified Defendant Smiley, or any officer, that he feared inmate McGill or that he thought he would be attacked. (Id. at p. 31-32, 38). There is no evidence that Defendant Smiley had any knowledge of a substantial risk of serious harm to Plaintiff prior to the attack on February 16, 2007. From the record, it is clear that Defendant Smiley did not have subjective knowledge of a substantial risk of serious harm to Plaintiff such that he violated Plaintiff's Eighth Amendment rights.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Smiley's Motion for Summary Judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 25th day of March, 2011.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)